UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ERICA LAFFERTY; DAVID WHEELER; FRANCINE WHEELER; JACQUELINE BARDEN; MARK BARDEN; NICOLE HOCKLEY; IAN HOCKLEY; JENNIFER HENSEL; JEREMY RICHMAN; DONNA SOTO; CARLEE SOTO-PARISI; CARLOS M. SOTO; JILLIAN SOTO; AND WILLIAM ALDENBERG,<br>Plaintiffs,<br>v.<br>ALEX EMRIC JONES; FREE SPEECH SYSTEMS, LLC,<br>Defendants. | Adv. Pro. No. 22-05019<br>ECF No. 5 |
| WILLIAM SHERLACH,<br>Plaintiff,<br>v.<br>ALEX EMRIC JONES; FREE SPEECH SYSTEMS, LLC,<br>Defendants. | Adv. Pro. No. 22-05020<br>ECF No. 5 |
| WILLIAM SHERLACH & ROBERT PARKER,<br>Plaintiffs,<br>v.<br>ALEX EMRIC JONES; FREE SPEECH SYSTEMS, LLC,<br>Defendants. | Adv. Pro. No. 22-05021<br>ECF No. 5 |

**ORDER GRANTING EMERGENCY MOTIONS FOR REMAND**

**I.    Introduction**

On December 5, 2018, Erica Garbatini f/k/a Erica Lafferty (the "Debtor") filed a Chapter 7 case in this Court, which remains pending. The Debtor is a plaintiff in the first of the three above-referenced adversary proceedings, Adv. Pro. No. 22-05019. On July 29, 2022, Free Speech Systems, LLC ("FSS"), filed a Chapter 11 petition in the United States Bankruptcy Court

for the Southern District of Texas, Case No. 22-60043, which remains pending. FSS is a defendant in all three of the above-referenced adversary proceedings.

On August 2, 2022, FSS commenced the adversary proceedings in this Court by filing Notices of Removal of three consolidated Connecticut Superior Court actions.[1] On August 3, 2022, the Plaintiffs filed Emergency Motions to Remand the adversary proceedings to the Connecticut Superior Court (the "Motions for Remand"). Among other things, the Motions for Remand assert that FSS filed the Notices of Removal after jury trial began in the Connecticut Superior Court.

FSS filed objections to the Motions for Remand (the "Objections"). The Objections do not dispute that the Notices of Removal were filed after jury selection began. The Objections also do not dispute that a trial in the Connecticut Superior Court is scheduled to begin on September 6, 2022.

An expedited hearing on the Motions for Remand and the Objections was held on August 12, 2022. After consideration of the record in these adversary proceedings, the arguments asserted in the Motions for Remand, the Objections, and advanced by the parties during the hearing, and for the reasons set forth below, the Motions for Remand are GRANTED.

---

[1] This is not the first time the Connecticut Superior Court actions have been removed to this Court. On April 18, 2022, three entities related to FSS—Infowars, LLC, Infowars Health, LLC and Prison Planet TV, LLC (collectively, the "Debtors"), filed Chapter 11 cases in the United States Bankruptcy Court for the Southern District of Texas. Also on April 18, 2022, the Debtors filed Notices of Removal of the Connecticut Superior Court actions in this Court (Adv. Pro. Nos. 22-05004, 22-05005, and 22-05006). In connection with the dismissal of the Debtors' bankruptcy cases in the United States Bankruptcy Court for the Southern District of Texas, this Court ordered that the Notices of Removal be withdrawn, which resulted in the Plaintiffs' actions being remanded to the Connecticut Superior Court on June 1, 2022. *See, e.g.*, ECF No. 36 in Adv. Pro. No. 22-05004.

**II.     Jurisdiction**

28 U.S.C. § 1452(a) permits a party to remove a claim or cause of action in a civil action to the district court for the district in which such claim or action is pending.  FSS asserts that this Court has jurisdiction over the removed cases pursuant to section 1452(a) because of the Debtor's Chapter 7 case.  The Plaintiffs do not dispute that this Court has jurisdiction over the removed cases which are now the subject of the adversary proceedings.

Section 1334(b) provides that the district courts have jurisdiction over all civil proceedings arising under title 11 or arising in or related to cases under title 11.  This Court derives its authority to hear and determine this matter pursuant to 28 U.S.C. § 157(b)(1) and the District Court's General Order of Reference dated September 21, 1984.

**III.    Discussion**

Because the parties do not agree on whether the claims in Connecticut Superior Court actions are core or non-core proceedings, mandatory abstention by this Court under 28 U.S.C. § 1334(c)(2) is not appropriate.  *See*, *e.g.*, *In re National Eastern Corporation*, 391 B.R. 663 (Bankr. D. Conn. 2008).  However, permissive abstention may be appropriate under section 1334(c)(1).  *Id*. at 669.  Furthermore, 28 U.S.C. § 1452(b) specifically address removal of claims related to bankruptcy cases and permits a court to remand a removed action on any equitable ground.  28 U.S.C. § 1452(b).

In general, courts look to the following factors to decide whether to permissibly abstain from a case or to equitably remand a case: (1) the effect on the administration of the bankruptcy estate; (2) the extent to which issues of state law predominate; (3) the complexity of the state law issues; (4) comity; (5) the relatedness/remoteness of the action to the main bankruptcy case; (6) the right to a jury trial; and (7) the prejudice to the involuntarily removed parties.  *In re National*

*Eastern Corporation*, 391 B.R. 663, 670.  The list of factors is non-exclusive and the determination of whether an equitable ground exists to remand involves an assessment of what makes sense under the specific facts and circumstances presented to a court.  *Id*. at 671.

A review of the first factor, the effect on the efficient administration of the bankruptcy estate, weighs in favor of remand.  A remand will not have a negative effect on the administration of FSS's bankruptcy estate.  The parties dispute whether the Plaintiffs' claim are core or non-core claims.  If the claims are non-core, this Court cannot enter a final judgment on the Plaintiffs' claims.  Regardless of whether the claims are core or non-core, the claims must be adjudicated, and the Connecticut Superior Court is ready to do so.  It is undisputed that jury selection had already begun when the Notices of Removal were filed and trial is scheduled to begin on September 6, 2022.  A trial of the Plaintiffs' claims in the Connecticut Superior Court may assist with the administration of FSS's bankruptcy estate and will alleviate the need for another court to determine if the Plaintiffs' claim are core or non-core.  *See e.g.*, *In re National Eastern Corporation*, 391 B.R. at 670.  In addition, FSS asserts that remand will have a negative impact on the administration of its bankruptcy estate because of the costs associated with the trial of the Plaintiffs' claims.  However, FSS is proceeding forward with the administration of its bankruptcy estate, including recently obtaining an order allowing it to increase its use of cash collateral based upon increased income due to better than projected sales of products since its bankruptcy case was filed.  *See In re Free Speech Systems LLC*, United States Bankruptcy Court for the Southern District of Texas, Case No. 22-60043, ECF Nos. 55, 64.  For these reasons, remand will not negatively impact the administration of FSS's bankruptcy estate.

The second factor, the extent to which issues of state law predominate, also weighs in favor of remand.  The Plaintiffs' claims are exclusively based on state law even though, as FSS

4

argues, the claims relate only to damages. *See e.g.*, *In re Granoff*, 242 B.R. 216, 220 (Bank. D. Conn. 1999). Such claims include negligent and intentional infliction of emotional distress, violations of the Connecticut Unfair Trade Practices Act, and defamation. The Defendants' challenges to the sufficiency of the Plaintiffs' claims have not succeeded in the Connecticut Superior Court. Furthermore, the Plaintiffs' claims have been pending before the same judge for more than four years. The Connecticut Superior Court has extensive knowledge and familiarity with the claims and the parties. The docket of the Superior Court actions attached to the Objections demonstrate that there are more than 800 docket entries in the cases and that the Connecticut Superior Court has issued many substantive rulings. The Connecticut Superior Court has acted on all matters that needed to be decided before trial and was overseeing jury selection on August 2, 2022, when the Notices of Removal were filed. Under the circumstances surrounding these adversary proceedings, issues of state law predominate and the Connecticut Superior Court is in the best position to decide the Plaintiffs' state law claims.

The third and fourth factors, the complexity of the state law issues and principles of comity, also weigh in favor of remand. The Plaintiffs' state law claims are extensive and complex. A trial of the claims will require a resolution of factual, legal, and evidentiary issues based on Connecticut law. Despite several attempts by FSS and related entities to remove the actions from the Connecticut Superior Court, the claims are ready to be tried in the Connecticut Superior Court.[2] The claims arise under Connecticut common law and the Connecticut Unfair Trade Practices Act. Both comity and respect for state law supports remanding the actions to the

---

[2] In addition to the prior Notices of Removal filed in this Court, FSS and related entities twice removed the Connecticut Superior Court actions to the United States District Court for the District of Connecticut and on both occasions the actions were remanded to the Connecticut Superior Court. *See*, *e.g.*, *Lafferty v. Jones* (3:18-cv-01156-JCH) and *Lafferty v. Jones* (3:20-cv-01723-JCH).

5

Connecticut Superior Court for the interpretation of common law and state statutes. *In re Granoff*, 242 B.R. at 220.

The fifth factor, the relatedness/remoteness of the Connecticut Superior Court actions to the FSS bankruptcy case, also supports remand. The Plaintiffs' claim arose years before FSS filed its Chapter 11 case. As previously noted, FSS does not dispute that it filed the Notices of Removal after jury selection was underway in the Connecticut Superior Court. During a hearing held on August 2, 2022, before jury selection began, the Connecticut Superior Court agreed that jury selection and the trial could not proceed against FSS due to the automatic stay it received when it filed its Chapter 11 case on July 29, 2022. However, the Connecticut Superior Court determined that jury selection and trial could proceed against the Defendant Alex Emric Jones ("Jones"), because FSS has not sought or obtained an order extending the automatic stay to Jones. See ECF No. 5 at 5-8, p. 14-18. The Connecticut Superior Court then proceeded with jury selection as to the claims against Jones and not FSS, supporting the finding that there is a remoteness between the continuation of the Connecticut Superior Court actions and the FSS bankruptcy estate.

The Plaintiffs' right to a jury trial, the sixth factor, additionally supports remand. Although the parties dispute whether the Plaintiffs' claims are core or non-core, this Court cannot conduct a jury trial on non-core claims. In addition, it is clear that the parties do not consent to a jury trial being conducted by this Court. A jury is in the process of being selected in the Connecticut Superior Court. The Plaintiffs' rights to have that process continue in the Connecticut Superior Court should not be disturbed.

The seventh and final factor, the prejudice to the involuntarily removed parties, weighs heavily in favor of remand. The Plaintiffs have been pursuing their claims against FSS and

others for more than four years. The pursuit of these claims has occurred not only in the Connecticut Superior Court, but in other courts as well. On multiple occasions, the Plaintiffs have had to pursue their claims in the United States District Court for the District of Connecticut, the United States Bankruptcy Court for the Southern District of Texas, and this Court. During jury selection and just weeks before trial is scheduled to begin in the Connecticut Superior Court, the Plaintiffs were involuntarily removed to this Court. The Plaintiffs' claims are ready to be tried in the Connecticut Superior Court. If remand does not occur, the prejudice to the Plaintiffs is much greater than any possible prejudice to FSS.

Upon a review of the circumstances surrounding these adversary proceedings and consideration of the factors to be analyzed when deciding a motion for remand, the Court finds that is it appropriate to abstain and remand the adversary proceedings to the Connecticut Superior Court in accordance with 28 U.S.C. § 1334(c)(1) and 28 U.S.C. § 1452(b).

Finally, although the Plaintiff seeks an award of fees and costs pursuant to 28 U.S.C. § 1447(c), the Court declines to award fees and costs at this time.

## IV.    CONCLUSION

Accordingly, it is hereby

**ORDERED:** In accordance with 28 U.S.C. § 1334(c)(1) and 28 U.S.C. § 1452(b), the Motions for Remand are GRANTED and Adversary Proceedings 22-05019, 22-05020, and 22-05021 are remanded to the Connecticut Superior Court; and it is further

**ORDERED**: The Plaintiffs' request for fees and costs pursuant to 28 U.S.C. § 1447(c) is DENIED; and it is further

**ORDERED:** Any pending motions in Adversary Proceedings 22-05019, 22-05020, and 22-05021 are moot due to the remand of the adversary proceedings.

Dated at Bridgeport, Connecticut this 15th day of August, 2022.

*Julie A. Manning*
United States Bankruptcy Judge
District of Connecticut